UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RHENETTE PITRE SEVIN** | **CIVIL ACTION NO.** |
| **VERSUS** | **SECTION** |
| **LEGACY LEADER, LLC**<br>**OFFSHORE SERVICE VESSELS, LLC**<br>**GALLIANO MARINE SERVICE, LLC, AND**<br>**MAERSK DRILLING USA, INC.** | **MAGISTRATE** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes plaintiff, RHENETTE PITRE SEVIN, a person of the full age of majority.

I.

Complainant brings this case against the following defendants:

(a) LEGACY LEADER, LLC, a Louisiana limited liability company, whose domicile address is 16201 East Main St., Cut Off, LA 70345,

(b) OFFSHORE SERVICE VESSELS, LLC, a Louisiana limited liability company whose domicile address is 16201 East Main St., Cut Off, LA 70345,

(c) GALLIANO MARINE SERVICE, LLC a Louisiana limited liability company whose domicile address is 16201 East Main St., Cut Off, LA 70345.

(d) MAERSK DRILLING USA, INC., a Delaware corporation whose address is 2500 City West Boulevard, STE 1850, Houston, Texas 77042

1

II.

This matter is being brought pursuant to Title 46 U.S.C. 30104 ("Jones Act"), the General Maritime Law, and, in the alternative, the applicable state law for supplementation of the Jones Act and General Maritime law as appropriate. In the alternative, and solely to the extent that Title 46 U.S.C. 30104 ("Jones Act") does not apply to the facts herein, complainant brings this matter pursuant to 33 U.S.C. 901, et seq., specifically, Sections 905 (b) and 933, respectively, and the General Maritime law.

III.

The above named defendants are justly and truly indebted unto complainant for the following reasons to wit:

IV.

At all times herein, RHENETTE PITRE SEVIN was employed by defendants, Legacy Leader, LLC, Offshore Service Vessels, LLC and Galliano Marine Service, LLC collectively known as "Edison Chouest Offshore Defendants" or "ECO", as a Jones Act seaman aboard the vessel CLARENCE TRICHE, which was owned, operated, owned pro hac vice, and/or controlled by Edison Chouest Offshore Defendants.

V.

At all times pertinent, ECO was the owner, operator, owner pro hac vice, and/or exercised operational control of the vessel CLARENCE TRICHE on which the complainant performed her job duties.

VI.

At all times pertinent herein, complainant was assigned to work aboard a vessel owned and/or operated and/or controlled by ECO such that she contributed to the function and/or mission of said vessel and maintained a connection to said vessel that was substantial in both duration and nature.

VII.

On or about February 2, 2016, complainant was involved in a work-related accident which took place aboard the OSV CLARENCE TRICHE owned and/or operated and/or controlled by ECO when Plaintiff was struck by a pressurized hose while working on the cargo deck of the OSV CLARENCE TRICHE and transferring cargo to and from the MAERSK VIKING (IMO 9624146), which was owned, operated, and/or owned pro hac vice by MAERSK DRILLING USA, INC. The accident resulted in the serious personal injuries and damages to complainant.

VIII.

The accident in question was not caused in any way by the actions of complainant, RHENETTE PITRE SEVIN.

IX.

The accident in question was caused solely by negligent acts of defendants, ECO and MAERSK DRILLING USA, INC. and their employees, and/or agents. In addition to defendants' independent fault and negligence, ECO and MAERSK DRILLING USA, INC. are vicariously liable for the acts of negligence of their employees.

X.

The negligence of ECO Defendants and their employees, and/or agents is set forth herein by the following non-exclusive particulars:

a. Failure to properly close all valves to hoses on the deck when not required to be opened;

b. Failure to remove potential sources of energy from hoses when not in use;

c. Failure to adhere to ordinary and standard safety procedures aboard a vessel;

d. Failure to properly and reasonably notify vessel crew of potential hazards associated with product transfers in progress;

e. Failure to provide adequate equipment aboard its vessels;

f. Failure to provide adequate crew aboard its vessels;

g. Failure to provide its employees with a safe and reasonable workplace;

h. Failure to train its employees to work in a safe and reasonable manner;

i. Failure to properly supervise the work methods of its employees;

j. Failure to coordinate with third parties during product transfers to ensure safety for involved personnel,

k. Failure to implement and oversee safe and reasonable methods of work; and

l. Other actions or in-actions which constitute negligence and will be proven at the trial of this matter.

XI.

All of the above-described actions and/or inactions attributed to ECO defendants are negligent violations of the Jones Act, the General Maritime Law, and in the alternative, the applicable state law. In the further alternative, the above described actions and/or inactions are

negligent violations of 33 U.S.C. 901, et seq, specifically, Sections 905(b) and 933, respectively and the General Maritime law.

XII.

Further, pursuant to the General Maritime Law of the United States of America, the defendants had the duty to provide the complainant with a safe and seaworthy vessel, but this duty was breached and violated by ECO in the particulars herein described; and due to the facts set forth herein, OSV CLARENCE TRICHE, its appurtenances, and its crew were inadequate and therefore unseaworthy. The unseaworthiness of the OSV CLARENCE TRICHE was a direct and proximate cause of the accident which caused the injuries to complainant.

XIII.

The negligence of MAERSK DRILLING USA, INC. and its employees, and/or agents is set forth herein by the following non-exclusive particulars:

a. Failure to properly close all valves to hoses on the deck when not required to be opened;

b. Failure to remove potential sources of energy from hoses when not in use;

c. Failure to adhere to ordinary and standard safety procedures aboard a vessel;

d. Failure to properly and reasonably notify vessel crew of potential hazards associated with product transfers in progress;

e. Failure to provide adequate equipment aboard its vessels;

f. Failure to provide adequate crew aboard its vessels;

g. Failure to train its employees to work in a safe and reasonable manner;

h. Failure to properly supervise the work methods of its employees;

i. Failure to coordinate with third parties during product transfers to ensure safety for involved personnel,

j. Failure to implement and oversee safe and reasonable methods of work; and

k. Other actions or in-actions which constitute negligence and will be proven at the trial of this matter.

## XIV.

All of the above-described actions and/or inactions attributed to MAERSK DRILLING USA, INC. are negligent violations of the General Maritime Law, and in the alternative, the applicable state law. In the further alternative, the above described actions and/or inactions are negligent violations of 33 U.S.C. 901, et seq, specifically, Sections 905(b) and 933, respectively and the General Maritime law.

## XV.

As a result of the above described incident, complainant sustained injuries to her back, hips, and other parts of her body all of which will be proven at the trial of this matter.

## XVI.

As a result of this incident, complainant has sustained the following damages:

   a. Past and future physical pain and suffering;

   b. Past and future mental pain and suffering;

   c. Past and future lost wages;

   d. Loss of future earning capacity;

   e. Past and future medical expenses;

   f. Past and future loss of fringe benefits;

   g. Loss of enjoyment of life;

   h. Loss of found; and

   i. Other damages that will be established at the trial of this matter.

XVII.

In addition, complainant was rendered unfit for duty as a seaman from the date of the accident, on or about February 2, 2016. Pursuant to the General Maritime Laws of the United States of America, the Edison Chouest Offshore Defendants owed the absolute and non-delegable duty to provide complainant with maintenance and cure benefits from the date of her injury until she reaches the point of maximum medical improvement. Although Complainant has received maintenance and cure payments to date, her maintenance payments do not meet the amount of the standard maintenance benefits that are to be paid to a seaman. Further, Complainant has not reached the point of maximum medical cure and hereby makes demand for the continued satisfaction of her cure obligations as well as an increase in maintenance payments relative to past, present and future maintenance benefits paid by her employer.

XVIII.

Complainant is entitled to pre-judgment interest on her damages from the date of loss. In the alternative, she is entitled to interest from the date of judicial demand.

XIX.

Venue is proper in this Honorable Court as the defendants made be found in the jurisdiction of this Court.

**WHEREFORE**, Complainant, RHENETTE PITRE SEVIN, prays that the defendants be duly cited to appear and answer this complaint; and after legal delays and due proceedings had, that there be judgment herein in favor of the complainant and against the defendants for a sum to be determined by the trier of facts, together with the legal interest thereon from the date of the incident, plus all appropriate costs of these proceedings. Complainant further prays for all other general and equitable relief required or necessary in the premises.

Respectfully submitted,

**COSSICH, SUMICH, PARSIOLA & TAYLOR, L.L.C.**

**BY:    /s/ DAVID A. PARSIOLA**
**PHILIP F. COSSICH, JR., #1788 (T.A.)**
**DAVID A. PARSIOLA #21005**
**BRANDON J. TAYLOR, #27662**
**ANDREW J. CVITANOVIC #34500**
8397 Highway 23, Suite 100
Belle Chasse, Louisiana 70037
Telephone: (504) 394-9000
Facsimile: (504) 394-9110

And

**HARRINGTON AND MYERS**
**KIRK MYERS #21762**
2901 N Causeway Blvd Ste 303
Metairie LA, 70002
T: (504) 831-9724